United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 20, 2007**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 05-20987

ENCOMPASS POWER SERVICES, INC., formerly known as
EDG Power Group, Inc.,

                                        Plaintiff-Appellee,

versus

ENGINEERING & CONSTRUCTION COMPANY, INC.,
doing business as ECCO,

                                        Defendant-Appellant,

versus

VALERO REFINING COMPANY - CALIFORNIA,

                                        Defendant-Appellee.

On Appeal from the United States District Court
for the Southern District of Texas
4:05-CV-2759

Before DAVIS and STEWART, Circuit Judges, and CRONE, District Judge.[*]

PER CURIAM:[**]

---

[*]District Judge for the Eastern District of Texas, sitting by designation.

[**]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

1

Valero Refining Company-California ("Valero"), Encompass Power Services, Inc., f/k/a EDG Power Group, Inc. ("EDG"), a general contractor, and Engineering & Construction Company, Inc. ("ECCO"), an electrical subcontractor, filed a series of lawsuits against one another. In June 2003, Valero commenced an arbitration proceeding against EDG, seeking damages for construction delays, power outages, and a refinery fire. EDG successfully joined ECCO as a third-party defendant to the arbitration, but ECCO refused to participate in the proceedings. EDG filed suit against ECCO to compel arbitration. The district court, upon reconsideration, granted EDG's motion to compel. We affirm the district court's judgment.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The three parties involved in this case, Valero, EDG, and ECCO, are related via two construction contracts. In April 2001, Valero contracted with EDG to design, engineer, and construct a co-generation facility (the "Work Agreement"). The Work Agreement included an arbitration clause, which required that any disputes arising between Valero and EDG must be resolved through arbitration under Texas law in Houston, Texas. EDG retained ECCO as a subcontractor for the co-generation project. EDG and ECCO signed a standard form agreement (the "subcontract"). The two relevant provisions read as follows:

> 11.4 MULTIPARTY PROCEEDING The parties agree that to the extent permitted by the Subcontract Documents all parties necessary to resolve a claim shall be parties to the same dispute resolution proceeding. To the extent disputes between the Contractor and Subcontractor involve in whole or in part disputes between the Contractor and the Owner, disputes between the Subcontractor and the Contractor shall be decided by the same tribunal in the same forum as disputes between the Contractor and the Owner.

> 11.5 DISPUTES BETWEEN CONTRACTOR AND SUBCONTRACTOR In the event that the provisions for resolution of disputes between the Contractor and the

2

Owner contained in Subcontract Documents do not permit consolidation or joinder with disputes of third parties, such as the Subcontractor, resolution of disputes between the Subcontractor and the Contractor involving in whole or in part disputes between the Contractor and the Owner shall be stayed pending conclusion of any dispute resolution proceeding between the Contractor and the Owner. At the conclusion of those proceedings, disputes between the Subcontractor and the Contractor shall be submitted again to mediation pursuant to Paragraph 11.1. ~~Any disputes not resolved by mediation shall be decided in the manner selected in the agreement between the Owner and the Contractor.~~

In June 2002, the relationship between Valero and EDG deteriorated after a series of construction delays, facility power outages, and a refinery fire at the hydrogen plant. As a result, Valero refused to pay EDG the balance on their Work Agreement. Valero, EDG, and several subcontractors filed legal complaints against one another. Eventually, EDG filed for bankruptcy in the Southern District of Texas, and Valero pursued EDG in the bankruptcy proceedings. Valero and EDG reached a settlement agreement to allow Valero access to EDG's insurance policies. The parties agreed to lift the automatic bankruptcy stay, thus permitting Valero to file claims against EDG on the condition that Valero would not seek actual collection. The settlement limited Valero's recovery to the amount of EDG's insurance coverage. EDG also assigned its claims against subcontractors to Valero. The assignment reads in pertinent part that

[a]ny and all of EDG's and/or Encompass's claims, actions or causes of action, and to the extent necessary, any and all rights or benefits of defense, it may have against or with respect to any and all third parties (including, without limitation, claims it may have against any and all of the EDG Subcontractors) arising out of the services rendered and/or the materials delivered in connection with and/or related to the Work Agreement and/or the Project.

In June 2003, Valero commenced arbitration proceedings against EDG in Houston, Texas. EDG persuaded the panel to join ECCO in the arbitration. On June 29, 2005, EDG filed suit against

3

ECCO in Texas state court, seeking an order to compel arbitration. ECCO removed the case to federal court. Initially, the district court denied EDG's motion to compel arbitration because in the settlement agreement, Valero and EDG "fully and finally rejected" the Work Agreement. Since the Work Agreement forms the basis for compelling ECCO into a multi-party arbitration, the district court denied EDG's motion to compel arbitration. Upon reconsideration, however, the district court recognized "reject" as a term of art used in bankruptcy proceedings to indicate that the contract is breached, not invalidated or terminated. Accordingly, the district court granted EDG's motion to compel arbitration and denied Valero's motion as moot. The issue raised in this appeal is whether the district court properly granted EDG's motion to compel arbitration.

## II. STANDARD OF REVIEW

This court reviews de novo an order compelling arbitration. *Paper, Allied-Indus. Chem., & Energy Workers Int'l Union Local No. 4-2001 v. ExxonMobil Refining & Supply Co.*, 449 F.3d 616, 619 (5th Cir. 2006). The court may only consider the arbitrability of issues and must disregard the underlying claims of the dispute. *Id.*

## III. DISCUSSION

Under the Federal Arbitration Act (the "FAA"), "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. When a party agrees to arbitrate in a particular state, via explicit or implicit consent, the district courts of the agreed upon state may exercise personal jurisdiction over the parties for the limited purpose of compelling arbitration. *PaineWebber, Inc. v. The Chase Manhattan Private Bank (Switzerland)*, 260 F.3d 453, 461 (5th Cir. 2001). To determine

4

whether the parties agreed to arbitrate a dispute, the district court considers: (1) whether there is a valid agreement to arbitrate between the parties; and (2) whether the dispute in question falls within the scope of the arbitration agreement. *Webb v. Investacorp, Inc.*, 89 F.3d 252, 258 (5th Cir. 1996). When a contract contains an arbitration clause, there is a presumption of arbitrability in the sense that "an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." *AT&T Tech., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-83 (1960)).

ECCO argues that EDG's assignment to Valero eliminates its ability to seek arbitration. EDG counters that whether EDG assigned the underlying contractual claims is irrelevant because the district court must only consider the arbitration clause of the subcontract. EDG also contends that it never assigned claims for contribution and indemnity, which constitute a "real dispute" wherein EDG seeks to hold ECCO liable for the refinery damage. Valero adds that EDG represents the interests of its insurers, potentially liable for $40 million in damages.

Although the assignment relinquishes EDG's substantive claims against ECCO, it does not prevent EDG from compelling ECCO's participation in the arbitration. The court looks only to the arbitration agreement still in effect between ECCO and EDG to determine whether ECCO may be compelled into the ongoing arbitration. Once a court determines that parties must submit the "subject matter of a dispute to arbitration, procedural questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator." *John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 557 (1964) (reserving for the arbitrator to determine whether a merger affected an employer's obligation to arbitrate under a collective bargaining agreement). Therefore, despite the assignment,

5

ECCO's refusal to arbitrate pursuant to the subcontract and Work Agreement makes EDG an aggrieved party under the arbitration statute.

The subcontract entered into by EDG and ECCO states that when a dispute arises relating to a dispute between EDG and Valero, then the related dispute shall be "decided by the same tribunal and in the same forum as disputes between the Contractor [EDG] and Owner [Valero]." Valero filed claims against EDG for damages caused by the construction delays, power outages, and fire at the refinery. This ongoing arbitration commenced over two years ago. In turn, EDG now seeks indemnity and contribution from ECCO in the event that Valero prevails on its claims. Since the subcontract incorporates the Work Agreement's arbitration clause, EDG and ECCO must arbitrate the indemnity and contribution claims via a multi-party proceeding in Houston, Texas. *See Bridas SAPIC v. Gov't of Turkmenistan*, 345 F.3d 347, 356 (5th Cir. 2003) ("[I]ncorporation by reference is generally effective to accomplish its intended purpose where . . . the provision to which reference is made has a reasonably clear and ascertainable meaning."); *J.S.&H. Constr. Co. v. Richmond County Hosp. Auth.*, 473 F.2d 212, 215 (5th Cir. 1973) (holding that an arbitration clause incorporated by reference was a "valid and enforceable part of the subcontract"). Accordingly, the district court properly concluded that EDG's claims against ECCO fall within the scope of the Work Agreement's arbitration clause and that ECCO consented to arbitrate such related disputes in Houston, Texas. The arbitration panel must decide whether the assignment prevents EDG from bringing its claims for contribution and indemnity.

## IV. CONCLUSION

Based on the foregoing reasons, we affirm the district court's order granting EDG's motion to compel arbitration.

6